1  MARGARET A. KEANE (SBN 255378)
   margaret.keane@dlapiper.com
2  **DLA PIPER LLP (US)**
   555 Mission Street, Suite 2400
3  San Francisco, California 94105-2933
   Telephone:  415.836.2500
4  Facsimile:  415.836.2501

5  YIN ZHENG (SBN 268619)
   lily.zheng@dlapiper.com
6  **DLA PIPER LLP (US)**
   2000 University Ave.
7  East Palo Alto, CA 94303-2214
   Telephone:  650.833.2000
8  Facsimile:  650.833.2001

9  Attorneys for Defendant
   BLOOMBERG L.P.

10

11              **United States District Court**

12             **Northern District of California**

13                **San Francisco Division**

14

15  EDGAR HARUTYUNYAN,                        CASE NO.

16              Plaintiff,                    **DEFENDANT'S NOTICE OF REMOVAL**
                                              **OF CIVIL ACTION TO FEDERAL COURT**
17  v.

18  BLOOMBERG L.P.; and DOE
    DEFENDANTS 1 through 100, inclusive,
19
                Defendant.
20

21          TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

22  CALIFORNIA AND TO PLAINTIFF AND THEIR COUNSEL OF RECORD:

23          PLEASE TAKE NOTICE that Defendant Bloomberg L.P. ("Defendant") hereby files this

24  notice of removal pursuant to 28 U.S.C. §§1332, 1441 and 1446. Defendant's removal of this

25  matter is based on the grounds set forth below.

26                      **INTRODUCTION**

27

28

This case is hereby removed from state court to federal court because this Court has original jurisdiction under 28 U.S.C. § 1332(a)(2). At the time the Complaint was filed and at this time, complete diversity of citizenship exists between the parties to this action and the alleged amount in controversy exceeds $75,000.

**STATE COURT ACTION**

On December 22, 2014, Plaintiff filed his complaint in the Superior Court of California in and for the County of San Francisco entitled Edgar Harutyunyan v. Bloomberg L.P., Case No. CGC-14-543337 (the "Complaint"). The Complaint alleges eight causes of action against Defendant, including: (1) national origin discrimination, in violation of California Government Code section 12940; (2) disability and medical condition discrimination, in violation of California Government Code section 12940; (3) harassment and hostile work environment, in violation of California Government Code section 12940; (4) retaliation, in violation of California Government Code section 12940; (5) failure to prevent harassment, hostile work environment, discrimination, and retaliation, in violation of California Government Code section 12940; (6) wrongful termination in violation of public policy; (7) negligent hiring, retention and supervision; and (8) intentional infliction of emotional distress. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

Plaintiff served the Complaint, the Summons and the state court civil case cover sheet on Defendant on December 29, 2014. A true and correct copy of the Summons and state court civil case cover sheet served on Defendant are attached hereto as **Exhibit B**. Pursuant to 28 U.S.C. § 1446(a), Exhibits A and B constitute all process, pleadings, and orders served on Defendant in this action.

**JOINDER**

Defendant is not aware of any other defendant having been served with a copy of Plaintiff's Complaint.

**DIVERSITY JURISDICTION**

The state court action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 based on diversity jurisdiction. The state court action is properly removable to

1  this Court in that (1) there is complete diversity of citizenship between the parties in this action;

2  and (2) the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as

3  explained below.

4  **Complete Diversity of Citizenship Exists**

5  There is complete diversity of citizenship between the parties in this action because the

6  Defendant and the Plaintiff are citizens of different states.

7  Plaintiff was and is a resident of the State of California, and there is no indication that

8  Plaintiff intends to move out of California. See Exh. A (Complaint), ¶ 4 and Exhibit 1; **Exhibit C**

9  (Declaration of James Niziolek), ¶ 5.

10  Defendant Bloomberg L.P. is a limited partnership. **Exhibit D** (Declaration of Thomas H.

11  Golden), ¶ 3. To establish the citizenship of a limited partnership, the citizenship of each partner

12  of the limited partnership must be considered. See Carden v. Arkoma Associates, 494 U.S. 185,

13  195 (1990). None of Defendant Bloomberg L.P.'s partners are a resident of California or a

14  corporation incorporated in California or with its principal place of business in California. Exh.

15  D, ¶ 3. Accordingly, complete diversity of citizenship exists between Plaintiff and Defendant in

16  this action.

17  Any potential "Doe" defendants shall be disregarded for purposes of removal. 28 U.S.C.

18  § 1441(a). In addition, the allegations in the Complaint with respect to the potential "Doe"

19  defendants are so general that no clue is given as to their identity or relationship to the claims.

20  See Exh. A, ¶¶ 6-7.

21  **The Amount in Controversy Exceeds $75,000**

22  The amount in controversy between the parties exceeds the amount of $75,000 set forth in

23  28 U.S.C. § 1332(a), exclusive of interest and costs.

24  Plaintiff Edgar Harutyunyan worked for Defendant in San Francisco, California, in the

25  position of Analytics Desk Representative Specialist from July 16, 2012 through June 27, 2014.

26  Exh. C, ¶ 3. Plaintiff worked as a full-time employee for Defendant and made a salary of $60,000

27  per year prior to the termination of his employment from Defendant. Id. at ¶¶ 3-4.

28  Plaintiff seeks both backpay and front pay as damages. See, e.g., Exh. A, ¶ 32 (alleging

1    that Defendant's conduct caused Plaintiff to suffer "actual damages . . . including but not limited

2    to, a substantial reduction in past and current income and future income potential in sums as may

3    be shown according to proof.")  Plaintiff's employment with Defendant has been terminated for

4    seven months as of the filing of this Notice of Removal.  Based on an annual salary of $60,000,

5    Plaintiff's claim for backpay places in controversy an amount of approximately $35,000.

6    Assuming a trial would not be held for at least one year from the filing of this Notice, based on an

7    annual salary of $60,000, Plaintiff's front pay claim places in controversy an amount of at least

8    $60,000.  Thus, on the face of the Complaint, Plaintiff's requests for back and front pay alone

9    place in controversy an amount of $95,000-- well over the $75,000 amount in controversy

10   required.

11          In addition, Plaintiff claims emotional distress damages and punitive damages.  See, e.g.,

12   Exh. A, ¶¶ 32 and 33.  While it is difficult to estimate emotional distress damages at the outset of

13   a case, it is reasonable to estimate that Plaintiff could very well be awarded the equivalent of one

14   year's salary in emotional distress damages, or $60,000 in this case.  Adding this figure to the

15   front and back pay calculated above would increase the amount in controversy to approximately

16   $155,000.

17          In California, the amount in controversy may include punitive damages.  See Guglielmino

18   v. McKee Foods Corp., 506 F.2d 696, 701 (9th Cir. 2007).  Assessing punitive damages

19   conservatively and applying a 1:1 ratio to the underlying compensatory damages, punitive

20   damages in this case could amount to approximately $155,000.

21          Plaintiff also seeks to recover attorneys' fees under California Government Code Section

22   12965(b).  See Exh. A, Prayer ¶ 5.  Attorneys' fees are properly considered when determining the

23   amount in controversy for the purpose of removal.  See Galt G/S v. JSS Scandinavia, 142 F.3d

24   1115, 1155-56 (9th Cir. 1998).  Based on the damages described above which total $310,000 and

25   assessing attorneys' fees at a reasonable rate of 30% of all damages recovered, Plaintiff's recovery

26   of attorneys' fees alone could amount to over $90,000, easily exceeding the $75,000 threshold.

27          Based on the above calculation, the amount in controversy in this case is well in excess of

28   the required $75,000 for removal.

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\254095164.1          DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1  Because there is complete diversity of citizenship and because the amount in controversy

2  exceeds $75,000, this Court has original jurisdiction under 28 U.S.C. § 1332.

3  **COMPLIANCE WITH STATUTORY REQUIREMENTS**

4  In accordance with 28 U.S.C. § 1446(b), this Notice is timely filed with this Court.

5  Pursuant to 28 U.S.C. § 1446(b), "a notice of removal may be filed within thirty days after receipt

6  by the defendant, through service or otherwise." 28 U.S.C. § 1446(b). Defendant was served

7  with Plaintiff's Complaint on December 29, 2014. Accordingly, this Notice is timely.

8  The Superior Court in and for the County of San Francisco is located within the Northern

9  District of California. 28 U.S.C § 84(a). Accordingly, this Notice is properly filed in this Court

10  pursuant to 28 U.S.C § 1441(a).

11  As required in 28 U.S.C. § 1446(d), Defendant will provide written notice of the filing of

12  this Notice of Removal to John Akopian, counsel of record for Plaintiff, and will promptly file a

13  copy of this Notice of Removal with the Clerk for the Superior Court of the State of California in

14  and for the County of San Francisco.

15  **CONCLUSION**

16  Based on the above, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§

17  1332, 1441, and 1446. Therefore, Defendant gives notice that this action pending in San

18  Francisco County Superior Court is hereby removed to the Northern District of California.

19  Dated: January 27, 2015          DLA PIPER LLP (US)

21  By: /s/Margaret A. Keane

22  MARGARET A. KEANE
Attorney for Defendant

23  BLOOMBERG L.P.