# EXHIBIT A

1  John Akopian (SBN 238226)
   John Akopain & Associates
2  1101 E. Broadway
   Suite 200
3  Glendale, CA 91205
   Telephone:  (818) 244-0050
4  Facsimile:  (818) 244-0051

5  Attorneys for Plaintiff

6

7           SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                FOR THE COUNTY OF SAN FRANCISCO

9

10 EDGAR HARUTYUNYAN,                    )   CASE NO.: CGC-14-543337
                                         )
11                                       )   COMPLAINT FOR DAMAGES:
                                         )
12           Plaintiff,                   )   (1) NATIONAL ORIGIN/ANCESTRY
                                         )       DISCRIMINATION (Cal Gov. Code
13                                       )       Sec. 12940)
                                         )   (2) DISABILITY/MEDICAL
14                                       )       CONDITION DISCRIMINATION
                                         )       (Cal. Gov. Code Sec. 12940)
15                                       )   (3) HARASSMENT AND HOSTILE
                                         )       WORK ENVIRONMENT (Cal. Gov.
16                                       )       Code Sec. 12940)
                                         )   (4) RETALIATION (Cal. Gov. Code.
17                                       )       Sec. 12940)
                                         )   (5) FAILURE TO PREVENT
18                                       )       HARASSMENT, HOSTILE
                                         )       WORK ENVIRONMENT,
19                                       )       DISCRIMINATION AND
                                         )       RETALIATION (Cal. Gov. Code
20                                       )       Sec. 12940)
                                         )   (6) WRONGFUL TERMINATION IN
21                                       )       VIOLATION OF PUBLIC POLICY
                                         )   (7) NEGLIGENT HIRING,
22                                       )       RETENTION AND SUPERVISION
                                         )   (8) INTENTIONAL INFLICTION OF
23                                       )       EMOTIONS DISTRESS
                                         )
24 BLOOMBERG LP; and DOE                 )
   DEFENDANTS 1 through 100,             )
25 Inclusive,                            )
                                         )
26                                       )
                                         )
27                                       )
             Defendants.                 )   UNLIMITED JURISDICTION
28 _____)       OVER $25,000.00

                          1
                      COMPLAINT

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>— John Akopian, Esq. (SBN 238226)<br>1101 E. Broadway, Suite 200<br>Glendale, CA 91205 | **FOR COURT USE ONLY** |

TELEPHONE NO.: (818) 244-0050       FAX NO.:

ATTORNEY FOR *(Name):* Plaintiff Edgar Harutyunyan

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

*(court stamp, endorsed:)* ENDORSED F I L E D Superior Court of California County of San Francisco DEC 22 2014 CLERK OF THE COURT BY: ROSSALY DELAVEGA-NAVARRO Deputy Clerk

CASE NAME:
Edgar Harutyunyan v. Bloomber LP, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CGC-14-543337<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action *(specify):* (8)Discrimination;Harass.;Retaliation;Wrongful Term.;Neg.;Emo.Distress
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 17, 2014

John Akopian, Esq.
(TYPE OR PRINT NAME)                    ▶ *(signature)*                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

1   **COMES NOW** Plaintiff EDGAR HARUTYUNYAN and hereby DEMANDS A JURY

2   TRIAL, and hereby files this Complaint and alleges, as follows:

3   <u>JURISDICTION AND VENUE</u>

4   **1.**   This Court has personal jurisdiction over the Defendants because they are

5   residents of and/or are doing business in the State of California, County of San Francisco,

6   entered into a contractual relationship in the State of California, County of San Francisco, and/or

7   otherwise as alleged herein, at all relevant times herein.

8   **2.**   Venue is proper in this county in accordance with Section 395 et seq. of the

9   California Code of Civil Procedure because (a) some or all of the defendants reside in San

10  Francisco  County and/or they are doing business in the State of California, County of San

11  Francisco; (b) the injury/damages occurred in the State of California, County of San Francisco;

12  © the parties entered into a contractual relationship and the breach occurred in the State of

13  California, County of San Francisco; and/or (d) as otherwise alleged herein, at all relevant times

14  herein.

15  **3.**   This case has been filed in the Superior Court of California, County of San

16  Francisco, Civic Center Courthouse, because under the Local Rules this action may be filed in

17  the Superior Court of California, County of San Francisco, Civic Center Courthouse.

18  <u>THE PARTIES</u>

19  **4.**   Plaintiff **EDGAR HARUTYUNYAN** ("Plaintiff") is a competent adult over the

20  age of 18 years and a resident of the State of California, County of San Francisco, at all relevant

21  times herein.

22  **5.**   Defendant **BLOOMBERG LP** ("Defendant Bloomberg) is limited partnership

23  authorized to do business and/or doing business within the State of California, County of Los San

24  Francisco, with its principal place of business located within the State of California, County of

25  San Francisco at 3 Pier, San Francisco, CA 94111.

26  <u>DOE ALLEGATIONS AND AGENCY</u>

27  **6.**   Plaintiff is informed and believes and thereon alleges that those defendants

28  designated as  DOE DEFENDANTS 1 through 100, inclusive, ("Doe Defendants") are

2

**COMPLAINT**

1    responsible in some manner of way for the events transactions, happenings, representations,

2    conduct, acts and/or omissions and caused injury and damage thereby to the Plaintiff, as alleged

3    herein.  Doe Defendants are residents of the State of California, County of San Francisco, a

4    business, form unknown, organized and operating under the laws of the State of California,

5    County of San Francisco, and/or authorized to do business and doing business within the State of

6    California, County of San Francisco, at all relevant times herein.  The true names and capacities

7    of defendants named herein as Doe Defendants whether a corporation, agent, individual, or

8    otherwise, are unknown to Plaintiff who therefore sues Doe Defendants by fictitious names

9    pursuant to California Code of Civil Procedure Section 474. Plaintiff will amend this Complaint

10   to show true names and capacities when they have been determined.

11        **7.**     Plaintiff is informed and believes and thereon alleges that Defendant and/or

12   Doe Defendants were the authorized licensee, agent, principal, partner, joint venturer, guarantor

13   (actual or ostensible) or delagee of the other remaining Defendants and/or Doe Defendants and

14   had full authority to do as alleged herein.  Defendant and/or Doe Defendants were under the

15   direct supervision, employ, and/or control of the other remaining defendants, and/or the

16   employees, representatives and/or agents of the other remaining Defendants and/or Doe

17   Defendants and acting within the course and scope of their employment, representation, and/or

18   agency such that the acts, representations and/or omissions alleged herein was within the scope

19   of actual or apparent authority and/or the acts, representations and/or omissions alleged herein

20   were ratified and adopted by each other remaining Defendants and/or Doe Defendants as

21   principal, at all relevant times herein.  Each Defendant and/or Doe Defendant was completely

22   dominated and controlled by the other Defendants and each was the alter ego of the other.

23                          **COMMON ALLEGATIONS**

24        **8.**     Plaintiff is Armenian and his national origin/ancestry is Armenia. Plaintiff brings

25   this action for the purpose of obtaining relief and damages under California law and alleges

26   certain causes of action, as follows:  1) National Origin/Ancestry Discrimination (Cal. Gov. Code

27   Sec. 12940 et seq.); 2) Disability/Medical Condition  Discrimination (Cal. Gov. Code Sec. 12940

28   et seq.; 3)  Harassment and Hostile Work Environment (Cal. Gov. Code Sec. 12940 et. seq.;

1 | 4) Retaliation (Cal. Gov. Code Sec. 12940 et seq.); 5) Failure to Prevent Harassment, Hostile

2 | Work Environment, Discrimination and Retaliation (Cal. Gov. Code Sec. 12940 et seq.; 6)

3 | Wrongful Termination in Violation of Public Policy; 7) Negligent Hiring, Retention and

4 | Supervision; and 8) Intentional Infliction of Emotional Distress. Plaintiff seeks general,

5 | compensatory, punitive, actual damages, liquidated and statutory damages, penalties, costs,

6 | prejudgment interest, post judgment interest, attorneys' fees, and/or all damages provided for by

7 | law resulting from Defendants' unlawful and tortious conduct, as alleged herein. Each of the

8 | Defendants is sued individually and in its, his or her capacity as an employer, owner, agent,

9 | representative, manager, supervisor, independent contractor and/or employee of each Defendant.

10 |   **9.**   On or about July 16, 2012, Plaintiff was employed by Defendant Bloomberg

11 | and/or Doe Defendants as a Generalist. On or about April 2013 Plaintiff became an Equity

12 | Specialist. Continuing until on or about June 27, 2014, Plaintiff was qualified for employment

13 | with and employed full time by Defendant Bloomberg and/or Doe Defendants at the business

14 | office located at 3 Pier, San Francisco, CA 94111.

15 |   **10.**   On or about July 16, 2013 and continuing through June 27, 2014, Plaintiff

16 | was a member of the protected class and entitled to protection pursuant to the Fair Employment

17 | and Housing Act ("FEHA"), as well as all applicable California and Federal law, at all relevant

18 | times herein.

19 |   **11.**   On or about July 16, 2013 and continuing through June 27, 2014, Defendant

20 | Bloomberg and Doe Defendants, their employees, agents, representatives, managers and/or

21 | supervisors were subject to the FEHA pursuant to Cal. Gov. Code Section 12926(d) and all other

22 | applicable laws of the Stare of California as said Defendants were and are employers who

23 | regularly employed five or more persons, at all relevant times herein.

24 |   **12.**   On or about July 16, 2012, and continuing during and throughout Plaintiff's

25 | employment through June 27, 2014, Defendant Bloomberg and Doe Defendants, their

26 | employees, agents, representatives, mangers and/or supervisors, within the course and scope of

27 | such employment, agency and/or representation, subjected Plaintiff to a pattern of prohibited

28 | discrimination, harassment, disparate treatment, and retaliation; unlawfully denied Plaintiff a

1   work environment free from discrimination, denied Plaintiff raises, bonuses and promotions,

2   denied Plaintiff family medical care and/or medical leave, denied Plaintiff reinstatement and

3   unlawfully terminated him due to Plaintiff's national origin/ ancestry (Armenian), by and through

4   the acts, omissions, conduct, statements, and/or representations, alleged herein.

5       **13.**   On or about July 16, 2012, and continuing during and throughout Plaintiff's

6   employment through June 27, 2014, Defendant Bloomberg and Doe Defendants, their

7   employees, agents, representatives, mangers and/or supervisors, within the course and scope of

8   such employment, agency and/or representation, subjected Plaintiff to a pattern of prohibited

9   discrimination, harassment, disparate treatment, and retaliation; unlawfully denied Plaintiff a

10  work environment free from harassment and discrimination, denied Plaintiff raises, bonuses and

11  promotions, denied Plaintiff family medical care and/or medical leave, denied Plaintiff

12  reinstatement and unlawfully terminated him due to Plaintiff's disability/medical condition,

13  by and through the acts, omissions, conduct, statements, and/or representations, alleged herein.

14      **14.**   On or about July 16, 2012, and continuing during and throughout Plaintiff's

15  employment through June 27, 2014, the acts, omissions, conduct, statements and/or

16  representations by Defendant Bloomberg and Doe Defendants, as alleged herein, were carried out

17  and ratified by and through their employees, agents, representatives, managers, supervisors,

18  officers and/or directors in their official capacities for said Defendants.

19      **15.**   On or about July 16, 2012, and continuing during and throughout Plaintiff's

20  employment through June 27, 2014, Defendant Bloomberg and Doe Defendants, by and through

21  their employees, agents, representatives, managers, supervisors, officers and/or directors in their

22  official capacities for said Defendants, were responsible for the implementation of a number of

23  policies and procedures and/or implementation whereby Plaintiff was treated substantially

24  differently that the other similarly situated employees.

25      **16.**   On or about July 16, 2012, and continuing during and throughout Plaintiff's

26  employment through June 27, 2014, Defendant Bloomberg and Doe Defendants acted in concert

27  and in furtherance of each other's interest, such that the acts, omissions, conduct, statements,

28  and/or representations alleged herein were known to and ratified by other Defendants.

1     **17.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

2 employment through June 27, 2014, the acts, omissions, conduct, statements, and/or

3 representations of Defendant Bloomberg and Doe Defendants, as alleged herein, were

4 intentional and were not a normal part of Plaintiffs' employment.

5     **18.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

6 employment through June 27, 2014, Defendant Bloomberg and Does Defendants further engaged

7 in setting up a series of pretexts against Plaintiff in an effort to lay a false basis to terminate him

8 from their employ and/or discriminate or retaliate against him, as alleged herein. This pretextual

9 false and/or inaccurate reasons to terminate Plaintiff were carried out with a premeditated mala

10 fide action and/or conduct against Plaintiff creating a mens rea for the Defendants of malum in se

11 and thereby subjecting them to damages to punish their conduct and/ or actions, as alleged

12 herein.

13     **19.**    On or about June 27, 2014, Plaintiff was terminated from his ful time employment

14 as an Equity Specialist by Defendant Bloomberg and/or Doe Defendants. Such termination was

15 unlawful and wrongful in violation of California law and otherwise, as alleged herein.

16     **20.**    On or about October 29. 2014, Plaintiff filed a complaint with the California

17 Department of Fair Employment and Housing concerning the charges alleged herein within the

18 time provided by law. Plaintiff has received Notice of Right to sue pursuant to California

19 Government Code Section 12965(b). Plaintiff has exhausted administrative remedies pursuant to

20 the California Government Code. This Complaint is filed withing one year of the Notice of

21 Right to Sue. (Exhibit 1: a true and correct copy of the Department of Fair Employment and

22 Housing's Notice of Case Closure and Right to Sue letter is attached hereto and incorporated

23 herein by reference).

### FIRST CAUSE OF ACTION

### NATIONAL ORIGIN/ANCESTRY DISCRIMINATION

### (Cal. Gov. Code Section 12940 et seq.)

### (Against Defendant Bloomberg and Doe Defendants)

28     **21.**    The allegations of every other paragraph of this Complaint are incorporated herein

1    by reference as if set forth in full below.

2       **22.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

3    employment through June 27, 2014, Defendant Bloomberg and Doe Defendants, their

4    employees, agents, representatives, mangers and/or supervisors, within the course and scope of

5    such employment, agency and/or representation, discriminated and retaliated against Plaintiff

6    because of Plaintiff's national origin/ancestry (Armenian).  Plaintiff was subjected to separate,

7    continuing and ongoing incidents of discrimination, harassment, and/or ridicule including,

8    without limitation,  ethnic epithets, prejudicial, disparaging, abusive, contemptuous, and/or crude

9    and crass remarks, comments, jokes and/or statements based on Plaintiff's national origin/

10   ancestry (Armenian).  Plaintiff was subjected to disparate treatment such that Plaintiff was

11   denied equal working and/or employment conditions compared to other non-Armenian similarly

12   situated employees including, without limitation, as follows:  Plaintiff was constantly and

13   continuously scrutinized for errors or fault in his work, which was a pretext to build a basis to

14   terminate Plaintiff, compared to similarly situated non-Armenian employees who were not so

15   scrutinized, based on Plaintiff's national origin/ancestry (Armenian); and Plaintiff was required

16   to perform extra, additional and/or different work hours, work load, work duties and/or work

17   obligations, compared to similarly situated non-Armenian employees who were not required to

18   perform the same or similar extra, additional and/or different work hours, work load, work duties

19   and/or work obligations as Plaintiff, based on Plaintiff's national origin/ancestry (Armenian).

20   Plaintiff was subjected to retaliation when after he began to complain of such treatment, Plaintiff

21   was then subjected to worse, more frequent discrimination of the same/similar type as alleged.

22       **23.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

23   employment through June 27, 2014, Defendant Bloomberg and Doe Defendants, their

24   employees, agents, representatives, mangers and/or supervisors, within the course and scope of

25   such employment, agency and/or representation, denied Plaintiff raises, bonuses and promotions

26   based on Plaintiff's national origin/ancestry (Armenian).  Plaintiff was subjected to disparate

27   treatment based on his national origin/ancestry (Armenian) when he was denied the same or

28   similar raises, bonuses, promotions, pay, and/or perks compared to other non-Armenian similarly

1   situated employees.

2   **24.**   On or about July 16, 2012, and continuing during and throughout Plaintiff's

3   employment through June 27, 2014, Defendant Bloomberg and Doe Defendants, their

4   employees, agents, representatives, mangers and/or supervisors, within the course and scope of

5   such employment, agency and/or representation, denied Plaintiff family medical care and/or

6   medical leave based on Plaintiff's national origin/ancestry (Armenian).  Plaintiff was subjected to

7   disparate treatment based on his national origin/ancestry when he was denied the same or similar

8   family medical care and/or medical leave compared to other non-Armenian similarly situated

9   employees.

10   **25.**   On or about July 16, 2012, and continuing during and throughout Plaintiff's

11   employment through June 27, 2014, Defendant Bloomberg and Doe Defendants, their

12   employees, agents, representatives, mangers and/or supervisors, within the course and scope of

13   such employment, agency and/or representation, denied Plaintiff reinstatement to employment.

14   Plaintiff was subjected to disparate treatment based on his national origin/ancestry (Armenian)

15   when he was denied reinstatement compared to other non-Armenian similarly situated

16   employees.

17   **26.**   On or about June 27, 2014, Defendant Bloomberg and Doe Defendants, their

18   employees, agents, representatives, mangers and/or supervisors, within the course and scope of

19   such employment, agency and/or representation, terminated Plaintiff based on Plaintiff's

20   national origin/ancestry (Armenian) and Plaintiffs complaints of discrimination.  Although said

21   Defendants claimed that Plaintiff's termination was based on the pretext alleged herein and/or

22   the complaints of other workers, Plaintiff performed his work as required by said Defendants.

23   Plaintiff was subjected to disparate treatment based on his national origin/ancestry (Armenian)

24   when he was terminated compared to other non-Armenian similarly situated employees.

25   **27.**   Plaintiff complained of the discrimination, harassment, and/or ridicule alleged

26   herein to Defendant Bloomberg and/or Doe Defendants and/or said Defendants otherwise knew

27   or should have known about such discrimination, harassment, and/or ridicule.  Notwithstanding,

28   said Defendants failed to undertake an effective, thorough, complete and objective investigation

1    of the subject  discrimination and harassment.  Said Defendants failed to effectively, thoroughly,

2    completely and objectively interview those persons who had knowledge of the discrimination,

3    harassment, and/or ridicule of Plaintiff, including Plaintiff, the persons who discriminated,

4    harassed, and/or ridiculed Plaintiff, and/or other victims of the same or similar discrimination,

5    harassment, and/or ridicule. Said Defendants failed to fully and completely provide the results of

6    any investigation to Plaintiff, the persons who discriminated, harassed, and/or ridiculed Plaintiff,

7    and/or other victims of the same or similar discrimination, harassment, and/or ridicule.  Said

8    Defendants failed to take appropriate and effective action against those persons who

9    discriminated, harassed, and/or ridiculed Plaintiff in proportion to the severity of the

10   discrimination, harassment, and/or ridicule suffered by Plaintiff.

11       **28.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

12   employment through June 27, 2014, Defendant Bloomberg and/or Doe Defendants knew or

13   should have known about the discrimination, harassment, and/or ridicule of Plaintiff, and/or said

14   Defendants could have and should have reasonably anticipated national origin/ ancestry

15   harassment and discrimination occurring at the workplace. Notwithstanding, said Defendants

16   failed to take reasonable care and undertook no action to prevent and promptly correct such

17   harassing or discrimination involving employees toward Plaintiff and/or other employees.  Said

18   Defendant knew or reasonably should have known that unless said Defendants intervened,

19   adequately supervised, controlled, regulated, disciplined, and/or otherwise prohibited such

20   harassing or discriminatory conduct involving employees toward Plaintiff and/or other

21   employees, the employees engaging in such harassing or discriminatory conduct would believe

22   and perceive that such conduct was ratified and/or condoned by said Defendants.

23       **29.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

24   employment though June 27, 2014, the acts and conduct alleged herein by Defendant Bloomberg

25   and Doe Defendants, their  employees, agents, representatives, mangers and/or supervisors,

26   within the course and scope of such employment, agency and/or representation, were in violation

27   of California Government Code Section 12940 et seq. Said statute imposes certain duties upon

28   said Defendants, concerning discrimination and retaliation against persons, such as Plaintiff,

1   based on national origin/ancestry and the prohibition of national origin/ancestry discrimination

2   and retaliation. Said statute was intended to prevent the type of injury and damage alleged

3   herein.

4        **30.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

5   employment though June 27, 2014, through the acts and conduct alleged herein by Defendant

6   Bloomberg and Doe Defendants, their employees, agents, representatives, mangers and/or

7   supervisors, within the course and scope of such employment, agency and/or representation, said

8   Defendants, in violation of California Government Code Section 12940 et seq., knew about, or

9   should have known about, and failed to investigate and/or properly investigate, prevent or

10  remedy the national origin/ancestry discrimination and retaliation. The acts of discrimination

11  and retaliation alleged herein were sufficiently severe and/or pervasive so as to alter the

12  conditions of employment, and created an abusive and/or discriminatory working environment.

13  The discrimination and retaliation of Plaintiff because of his national origin/ancestry (Armenian),

14  through the actions and/or conduct alleged herein, amounted to unlawful conduct and/or actions

15  on the part of said Defendants, and Plaintiff's national origin/ancestry (Armenian) was a

16  substantial factor motivating said Defendants' conduct, and/or a motivating reason in said

17  Defendants' conduct.

18       **31.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

19  employment through June 27, 2014, the acts and conduct alleged herein by Defendant Bloomberg

20  and Doe Defendants, their employees, agents, representatives, mangers and/or supervisors,

21  within the course and scope of such employment, agency and/or representation, were the

22  proximate, legal cause and/or a substantial factor in causing damages to Plaintiff, both special

23  and general damages, according to proof at the time of trial.

24       **32.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

25  employment through June 27, 2014, the wilful, knowing, and/or intentional acts and conduct of

26  discrimination and/or retaliation alleged herein by Defendant Bloomberg and Doe Defendants,

27  their employees, agents, representatives, mangers and/or supervisors, within the course and

28  scope of such employment, agency and/or representation, directly and legally caused Plaintiff to

1  suffer actual damages pursuant to California Civil Code § 3333, including but not limited to, a

2  substantial reduction in past and current income and future income potential in sums as may be

3  shown according to proof; a substantial injury and damage to his occupation and professional

4  reputation in a sum as may be shown according to proof; and extreme humiliation,

5  embarrassment, depression, sleeplessness, emotional pain, emotional distress, mental anguish,

6  loss of enjoyment of life and other losses from the date of said acts all to Plaintiff's damage in a

7  sum as may be shown according to proof, as well as other general and special damages according

8  to proof.

9    **33.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

10  employment through June 27, 2014, Defendant Bloomberg and Doe Defendants, their

11  employees, agents, representatives, mangers and/or supervisors, within the course and scope of

12  such employment, agency and/or representation, committed the acts and conduct alleged herein

13  maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiff, from

14  an improper and evil motive amounting to malice, and in conscious disregard of the rights of

15  Plaintiff.  As a result, Plaintiff requests and is entitled to an award of punitive damages.

16    **34.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

17  employment through June 27, 2014, as a result of the acts and conduct alleged herein of

18  Defendant Bloomberg and Doe Defendants, their  employees, agents, representatives, mangers

19  and/or supervisors, within the course and scope of such employment, agency and/or

20  representation, Plaintiff requests and is entitled to attorneys' fees and prejudgment interest.

21  Pursuant to California Government Code Section 12965(b), Plaintiff requests and is entitled to an

22  award  of attorneys' fees against said Defendants under this cause of action.

23  

**SECOND CAUSE OF ACTION**

24  **DISABILITY/MEDICAL CONDITION DISCRIMINATION**

25  **(Cal. Gov. Code Sec. 12940 et seq.)**

26  **(Against Defendant Bloomberg and Doe Defendants)**

27    **35.**    The allegations of every other paragraph of this Complaint are incorporated herein

28  by reference as if set forth in full below.

11

**COMPLAINT**

1      **36.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

2    employment through June 27, 2014, Defendant Bloomberg and Doe Defendants, their

3    employees, agents, representatives, mangers and/or supervisors, within the course and scope of

4    such employment, agency and/or representation, discriminated and retaliated against Plaintiff

5    because of Plaintiff's disability/medical condition (clinical depression).  Plaintiff's disability/

6    medical condition (clinical depression) was known by said Defendants, at all relevant times

7    herein.  Plaintiff was subjected to separate, continuing and ongoing incidents of adverse,

8    disparate treatment and the failure to make reasonable accommodations by said Defendants based

9    on Plaintiff's disability/medical condition (clinical depression) including, without limitation, as

10    follows:  Plaintiff was constantly and continuously scrutinized for errors or fault in his work,

11    which was a pretext to build a basis to terminate Plaintiff for reasons other than his disability/

12    medical condition (clinical depression), which was actual motivation for the termination of

13    Plaintiff; and Plaintiff was required to perform extra, additional and/or different work hours,

14    work load, work duties and/or work obligations based on Plaintiff's disability/medical condition

15    (clinical depression).  Plaintiff was subjected to retaliation when after he complained of such

16    adverse, disparate treatment and lack of reasonable accommodations he was then subjected to

17    worse and more frequent adverse, disparate treatment and lack of reasonable accommodations.

18      **37.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

19    employment through June 27, 2014, Defendant Bloomberg and Doe Defendants, their

20    employees, agents, representatives, mangers and/or supervisors, within the course and scope of

21    such employment, agency and/or representation, denied Plaintiff a work environment free from

22    disability/medical condition discrimination.  The mangers and/or supervisors allowed, permitted,

23    condoned and/or otherwise ratified other employees of Defendant Bloomberg and/or Does

24    Defendants to discriminate against Plaintiff, who subjected Plaintiff to separate, continuing and

25    ongoing incidents of adverse, disparate treatment based on Plaintiff's disability/medical

26    condition (clinical depression).

27      **38.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

28    employment through June 27, 2014, Defendant Bloomberg and Doe Defendants, their

**COMPLAINT**

1   employees, agents, representatives, mangers and/or supervisors, within the course and scope of

2   such employment, agency and/or representation, denied Plaintiff raises, bonuses and promotions

3   based on Plaintiff's disability/medical condition (clinical depression).  Plaintiff was subjected to

4   adverse, disparate treatment when he was denied raises, bonuses, promotions, pay, and/or perks

5   based on Plaintiff's disability/medical condition (clinical depression).

6       **39.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

7   employment through June 27, 2014, Defendant Bloomberg and Doe Defendants, their

8   employees, agents, representatives, mangers and/or supervisors, within the course and scope of

9   such employment, agency and/or representation, denied Plaintiff family medical care and/or

10  medical leave based on Plaintiff's disability/medical condition (clinical depression).  Plaintiff

11  was subjected to adverse, disparate treatment when he was denied family medical care and/or

12  medical leave based on Plaintiff's disability/medical condition (clinical depression).

13      **40.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

14  employment through June 27, 2014, Defendant Bloomberg and Doe Defendants, their

15  employees, agents, representatives, mangers and/or supervisors, within the course and scope of

16  such employment, agency and/or representation, denied Plaintiff reinstatement to employment.

17  Plaintiff was subjected to adverse, disparate treatment when he was denied reinstatement based

18  on Plaintiff's disability/medical condition (clinical depression).

19      **41.**    On or about June 27, 2014, Defendant Bloomberg and Doe Defendants, their

20  employees, agents, representatives, mangers and/or supervisors, within the course and scope of

21  such employment, agency and/or representation, terminated Plaintiff based on Plaintiff's

22  disability/medical condition (clinical depression).  Although said Defendants claimed that

23  Plaintiff's termination was based on the pretext alleged herein and/or the complaints of other

24  workers, Plaintiff performed his work as required by said Defendants. Plaintiff's termination was

25  motivated by his disability/medical condition (clinical depression).

26      **42.**    Plaintiff complained of the adverse treatment and failure to make reasonable

27  accommodations in consideration of his disability/medical condition (clinical depression) alleged

28  herein to Defendant Bloomberg and/or Doe Defendants and/or said Defendants otherwise knew

13
**COMPLAINT**

1  or should have known about such adverse, disparate treatment and failure to make reasonable

2  accommodations. Notwithstanding, said Defendants failed to undertake an effective, thorough,

3  complete and objective investigation of the subject discrimination. Said Defendants failed to

4  effectively, thoroughly, completely and objectively interview those persons who had knowledge

5  of the discrimination, including Plaintiff, the persons who discriminated against Plaintiff, and/or

6  other victims of the same or similar discrimination. Said Defendants failed to fully and

7  completely provide the results of any investigation to Plaintiff, the persons who discriminated,

8  against Plaintiff, and/or other victims of the same or similar discrimination. Said Defendants

9  failed to take appropriate and effective action against those persons who discriminated against

10 Plaintiff in proportion to the severity of the discrimination suffered by Plaintiff.

11      **43.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

12 employment through June 27, 2014, Defendant Bloomberg and/or Doe Defendants knew or

13 should have known about the adverse, disparate treatment of Plaintiff and failure to make

14 reasonable accommodations in consideration of his disability/medical condition (clinical

15 depression) alleged herein, and/or  said Defendants could have and should have reasonably

16 anticipated disability/medical condition discrimination occurring at the workplace.

17 Notwithstanding, said Defendants failed to take reasonable care and undertook no action to

18 prevent and promptly correct such discrimination involving employees toward Plaintiff and/or

19 other employees. Said Defendant knew or reasonably should have known that unless said

20 Defendants intervened, adequately supervised, controlled, regulated, disciplined, and/or

21 otherwise prohibited such discriminatory conduct involving employees toward Plaintiff and/or

22 other employees, the employees engaging in such harassing or discriminatory conduct would

23 believe and perceive that such conduct was ratified and/or condoned by said Defendants.

24      **44.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

25 employment through June 27, 2014, the acts and conduct alleged herein by Defendant Bloomberg

26 and Doe Defendants, their  employees, agents, representatives, mangers and/or supervisors,

27 within the course and scope of such employment, agency and/or representation,  were in violation

28 of California Government Code Section 12940 et seq. Said statute imposes certain duties upon

1 │ said Defendants, concerning discrimination and retaliation against persons, such as Plaintiff,

2 │ based on disability/medical condition.  Said statute was intended to prevent the type of injury and

3 │ damage alleged herein.

4 │     **45.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

5 │ employment through June 27, 2014, through the acts and conduct alleged herein by  Defendant

6 │ Bloomberg and Doe Defendants, their  employees, agents, representatives, mangers and/or

7 │ supervisors, within the course and scope of such employment, agency and/or representation, said

8 │ Defendants, in violation of California Government Code Section 12940 et seq., knew about, or

9 │ should have known about, and failed to investigate and/or properly investigate, prevent or

10 │ remedy the disability/medical condition discrimination and retaliation.  The acts of

11 │ discrimination and retaliation alleged herein were sufficiently severe and/or pervasive so as to

12 │ alter the conditions of employment, and created an abusive and/or discriminatory working

13 │ environment.  The discrimination and retaliation of Plaintiff because of his disability/

14 │ medical condition (clinical depression), through the actions and/or conduct alleged herein,

15 │ amounted to unlawful conduct and/or actions on the part of said Defendants, and Plaintiff's

16 │ disability/medical condition (clinical depression) was a substantial factor motivating said

17 │ Defendants' conduct, and/or a motivating reason in said Defendants' conduct.

18 │     **46.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

19 │ employment through June 27, 2014, the acts and conduct alleged herein by Defendant Bloomberg

20 │ and Doe Defendants, their  employees, agents, representatives, mangers and/or supervisors,

21 │ within the course and scope of such employment, agency and/or representation, were the

22 │ proximate, legal cause and/or a substantial factor in causing damages to Plaintiff, both special

23 │ and general damages, according to proof at the time of trial.

24 │     **47.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

25 │ employment through June 27, 2014, the wilful, knowing, and/or intentional acts and conduct of

26 │ discrimination and/or retaliation alleged herein by Defendant Bloomberg and Doe Defendants,

27 │ their  employees, agents, representatives, mangers and/or supervisors, within the course and

28 │ scope of such employment, agency and/or representation, directly and legally caused Plaintiff to

1  suffer actual damages pursuant to California Civil Code § 3333, including but not limited to, a

2  substantial reduction in past and current income and future income potential in sums as may be

3  shown according to proof; a substantial injury and damage to his occupation and professional

4  reputation in a sum as may be shown according to proof; and extreme humiliation,

5  embarrassment, depression, sleeplessness, emotional pain, emotional distress, mental anguish,

6  loss of enjoyment of life and other losses from the date of said acts all to Plaintiff's damage in a

7  sum as may be shown according to proof, as well as other general and special damages according

8  to proof.

9       **48.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

10  employment through June 27, 2014, Defendant Bloomberg and Doe Defendants, their

11  employees, agents, representatives, mangers and/or supervisors, within the course and scope of

12  such employment, agency and/or representation, committed the acts and conduct alleged herein

13  maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiff, from

14  an improper and evil motive amounting to malice, and in conscious disregard of the rights of

15  Plaintiff.  As a result, Plaintiff requests and is entitled to an award of punitive damages.

16       **49.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

17  employment through June 27, 2014, as a result of the acts and conduct alleged herein of

18  Defendant Bloomberg and Doe Defendants, their  employees, agents, representatives, mangers

19  and/or supervisors, within the course and scope of such employment, agency and/or

20  representation, Plaintiff requests and is entitled to attorneys' fees and prejudgment interest.

21  Pursuant to California Government Code Section 12965(b), Plaintiff requests and is entitled to an

22  award  of attorneys' fees against said Defendants under this cause of action.

23  

### THIRD CAUSE OF ACTION

24  

**HARASSMENT AND HOSTILE WORK ENVIRONMENT**

25  

**(California Government Code Section 12940 (j))**

26  

**(Against Defendant Bloomberg and Doe Defendants)**

27       **50.**    The allegations of every other paragraph of this Complaint are incorporated herein

28  by reference as if set forth in full below.

16

**COMPLAINT**

1    **51.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

2    employment through June 27, 2014, Defendant Bloomberg and Doe Defendants, their

3    employees, agents, representatives, mangers and/or supervisors, within the course and scope of

4    such employment, agency and/or representation, harassed Plaintiff based on his national origin/

5    ancestry (Armenian). Plaintiff was subjected to a pattern of separate, continuing and ongoing

6    incidents of harassment including, without limitation, ethnic epithets, prejudicial, disparaging,

7    abusive, contemptuous, and/or crude and crass remarks, comments, jokes and/or statements,

8    and/or as otherwise alleged herein, based on Plaintiff's national origin/ancestry (Armenian).

9    Plaintiff was also subjected to a pattern of separate, continuing and ongoing incidents of

10   harassment including, without limitation, harassing, humiliating, disparaging, abusive,

11   contemptuous, and/or crude and crass remarks, comments, jokes and/or statements, and/or as

12   otherwise alleged herein, based on Plaintiff's disability/medical condition (clinical depression).

13   **52.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

14   employment through June 27, 2014, Defendant Bloomberg and Doe Defendants, their

15   employees, agents, representatives, mangers and/or supervisors, within the course and scope of

16   such employment, agency and/or representation, created a hostile work environment on the basis

17   of Plaintiff's national origin/ancestry (Armenian). The mangers and/or supervisors condoned,

18   ratified, allowed  and/or otherwise permitted other employees of Defendant Bloomberg and/or

19   Does Defendants to harass Plaintiff and subject him to separate, continuing and ongoing

20   incidents of harassment including, without limitation, ethnic epithets, prejudicial, disparaging,

21   abusive, contemptuous, and/or crude and crass remarks, comments, jokes and/or statements

22   based on Plaintiff's national origin/ancestry (Armenian).  The mangers and/or supervisors

23   condoned, ratified, allowed  and/or otherwise permitted other employees of Defendant

24   Bloomberg and/or Does Defendants to harass Plaintiff and subject him to separate, continuing

25   and ongoing incidents of harassment including, without limitation, harassing, humiliating,

26   disparaging, abusive, contemptuous, and/or crude and crass remarks, comments, jokes and/or

27   statements, and/or as otherwise alleged herein, based on Plaintiff's disability/medical condition

28   (clinical depression).  The discrimination and harassment were severe and/or pervasive and an

1   ongoing and continuous course of conduct so as to create a hostile work environment. Said

2   Defendants took tangible employment action against Plaintiff for his refusal to acquiesce to the

3   discrimination and harassment.

4       **53.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

5   employment through June 27, 2014, the acts and conduct alleged herein by Defendant Bloomberg

6   and Doe Defendants, their  employees, agents, representatives, mangers and/or supervisors,

7   within the course and scope of such employment, agency and/or representation, which harassed

8   Plaintiff based on his national origin/ancestry (Armenian), violated California Government Code

9   Section 12940 et seq.  The acts and conduct alleged herein by Defendant Bloomberg and Doe

10   Defendants, their  employees, agents, representatives, mangers and/or supervisors, within the

11   course and scope of such employment, agency and/or representation, which created a hostile

12   work environment based on Plaintiffs national origin/ancestry (Armenian), violated California

13   Government Code Section 12940 et seq.

14       **54.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

15   employment through June 27, 2014, the acts and conduct alleged herein by Defendant Bloomberg

16   and Doe Defendants, their  employees, agents, representatives, mangers and/or supervisors,

17   within the course and scope of such employment, agency and/or representation, were the

18   proximate, legal cause and/or a substantial factor in causing damages to Plaintiff, both special

19   and general damages, according to proof at the time of trial.

20       **55.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

21   employment through June 27, 2014, the wilful, knowing, and/or intentional acts and conduct of

22   discrimination and/or retaliation alleged herein by Defendant Bloomberg and Doe Defendants,

23   their  employees, agents, representatives, mangers and/or supervisors, within the course and

24   scope of such employment, agency and/or representation, directly and legally caused Plaintiff to

25   suffer actual damages pursuant to California Civil Code § 3333, including but not limited to, a

26   substantial reduction in past and current income and future income potential in sums as may be

27   shown according to proof; a substantial injury and damage to his occupation and professional

28   reputation in a sum as may be shown according to proof; and extreme humiliation,

embarrassment, depression, sleeplessness, emotional pain, emotional distress, mental anguish, loss of enjoyment of life and other losses from the date of said acts all to Plaintiff's damage in a sum as may be shown according to proof, as well as other general and special damages according to proof.

56.    On or about July 16, 2012, and continuing during and throughout Plaintiff's employment through June 27, 2014, Defendant Bloomberg and Doe Defendants, their employees, agents, representatives, mangers and/or supervisors, within the course and scope of such employment, agency and/or representation, committed the acts and conduct alleged herein maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of Plaintiff.  As a result, Plaintiff requests and is entitled to an award of punitive damages.

57.    On or about July 16, 2012, and continuing during and throughout Plaintiff's employment through June 27, 2014, as a result of the acts and conduct alleged herein of Defendant Bloomberg and Doe Defendants, their  employees, agents, representatives, mangers and/or supervisors, within the course and scope of such employment, agency and/or representation, Plaintiff requests and is entitled to attorneys' fees and prejudgment interest. Pursuant to California Government Code Section 12965(b), Plaintiff requests and is entitled to an award  of attorneys' fees against said Defendants under this cause of action.

## FOURTH CAUSE OF ACTION

### RETALIATION

**(California Government Code Section 12940 (h))**

**(Against Defendant Bloomberg and Doe Defendants)**

58.    The allegations of every other paragraph of this Complaint are incorporated herein by reference as if set forth in full below.

59.    On or about July 16, 2012, and continuing during and throughout Plaintiff's employment through June 27, 2014, Defendant Bloomberg and Doe Defendants, their employees, agents, representatives, mangers and/or supervisors, within the course and scope of such employment, agency and/or representation, undertook retaliatory and/or adverse

1   employment action against Plaintiff, which materially affected the terms and conditions of his

2   employment, in response to Plaintiffs complaints of and/or opposition to the acts and conduct of

3   discrimination and/or disparate treatment alleged herein. After Plaintiff complained of and/or

4   opposed such acts and conduct of discrimination and/or disparate treatment, and in response

5   thereto, said Defendants subjected Plaintiff to even worse and more frequent acts and conduct of

6   discrimination and/or disparate treatment, which were the same or similar to the acts and conduct

7   of discrimination and/or disparate treatment alleged herein.

8          **60.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

9   employment through June 27, 2014, the mangers and/or supervisors of Defendant Bloomberg and

10  Doe Defendants, their employees, agents, representatives, within the course and scope of such

11  employment, agency and/or representation, in response to Plaintiff's complaints of and/or

12  opposition to the acts and conduct of discrimination and/or disparate treatment alleged herein,

13  condoned, ratified, allowed and/or otherwise permitted other employees of Defendant

14  Bloomberg and/or Does Defendants to subject Plaintiff to even worse and more frequent acts and

15  conduct of discrimination and/or disparate treatment, which were the same or similar to the acts

16  and conduct of discrimination and/or disparate treatment alleged herein.

17         **61.**    On or about June 27, 2014, Defendant Bloomberg and Doe Defendants, their

18  employees, agents, representatives, mangers and/or supervisors, within the course and scope of

19  such employment, agency and/or representation, terminated Plaintiff in response to Plaintiffs

20  complaints of and/or opposition to the acts and conduct of discrimination and/or disparate

21  treatment alleged herein. Said Defendants claimed that Plaintiff's based on other reasons and the

22  complaints of other workers, however, Plaintiff's termination was motivated by and in retaliation

23  for Plaintiff's prior complaints of and/or opposition to the acts and conduct of discrimination

24  and/or disparate treatment alleged herein.

25         **62.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

26  employment through June 27, 2014, the acts and conduct alleged herein by Defendant Bloomberg

27  and Doe Defendants, their employees, agents, representatives, mangers and/or supervisors,

28  within the course and scope of such employment, agency and/or representation, which were

1   retaliatory and/or adverse employment action taken against Plaintiff in response to Plaintiffs'

2   prior complaints of and/or opposition to the acts and conduct of discrimination and/or disparate

3   treatment alleged herein, violated California Government Code Section 12940 et seq. The acts

4   and conduct alleged herein by Defendant Bloomberg and Doe Defendants, their employees,

5   agents, representatives, mangers and/or supervisors, within the course and scope of such

6   employment, agency and/or representation, to terminate Plaintiff's employment in response to

7   Plaintiffs' prior complaints of and/or opposition to the acts and conduct of discrimination and/or

8   disparate treatment alleged herein, violated California Government Code Section 12940 et seq.

9       **63.**   On or about July 16, 2012, and continuing during and throughout Plaintiff's

10   employment through June 27, 2014, the acts and conduct alleged herein by Defendant Bloomberg

11   and Doe Defendants, their employees, agents, representatives, mangers and/or supervisors,

12   within the course and scope of such employment, agency and/or representation, were the

13   proximate, legal cause and/or a substantial factor in causing damages to Plaintiff, both special

14   and general damages, according to proof at the time of trial.

15       **64.**   On or about July 16, 2012, and continuing during and throughout Plaintiff's

16   employment through June 27, 2014, the wilful, knowing, and/or intentional acts and conduct of

17   discrimination and/or retaliation alleged herein by Defendant Bloomberg and Doe Defendants,

18   their employees, agents, representatives, mangers and/or supervisors, within the course and

19   scope of such employment, agency and/or representation, directly and legally caused Plaintiff to

20   suffer actual damages pursuant to California Civil Code § 3333, including but not limited to, a

21   substantial reduction in past and current income and future income potential in sums as may be

22   shown according to proof; a substantial injury and damage to his occupation and professional

23   reputation in a sum as may be shown according to proof; and extreme humiliation,

24   embarrassment, depression, sleeplessness, emotional pain, emotional distress, mental anguish,

25   loss of enjoyment of life and other losses from the date of said acts all to Plaintiff's damage in a

26   sum as may be shown according to proof, as well as other general and special damages according

27   to proof.

28

65.     On or about July 16, 2012, and continuing during and throughout Plaintiff's employment through June 27, 2014, Defendant Bloomberg and Doe Defendants, their employees, agents, representatives, mangers and/or supervisors, within the course and scope of such employment, agency and/or representation, committed the acts and conduct alleged herein maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of Plaintiff.  As a result, Plaintiff requests and is entitled to an award of punitive damages.

66.     On or about July 16, 2012, and continuing during and throughout Plaintiff's employment through June 27, 2014, as a result of the acts and conduct alleged herein of Defendant Bloomberg and Doe Defendants, their  employees, agents, representatives, mangers and/or supervisors, within the course and scope of such employment, agency and/or representation, Plaintiff requests and is entitled to attorneys' fees and prejudgment interest. Pursuant to California Government Code Section 12965(b), Plaintiff requests and is entitled to an award  of attorneys' fees against said Defendants under this cause of action.

### FIFTH CAUSE OF ACTION

### FAILURE TO PREVENT HARASSMENT, HOSTILE WORK ENVIRONMENT, DISCRIMINATION AND RETALIATION

### (California Government Code Section 12940(k))

### (Against Defendant Bloomberg and Doe Defendants)

67.     The allegations of every other paragraph of this Complaint are incorporated herein by reference as if set forth in full below.

68.     On or about July 16, 2012, and continuing during and throughout Plaintiff's employment through June 27, 2014, Defendant Bloomberg and Doe Defendants, their employees, agents, representatives, mangers and/or supervisors, within the course and scope of such employment, agency and/or representation, failed to take all reasonable steps necessary to prevent the harassment, hostile work environment, discrimination, disparate treatment, and/or retaliation alleged herein from occurring. Said Defendants did not undertake any reasonable investigation of the subject incidents and did not implement and reasonable work place

22

1 | procedures, regulations, protocol, and/or practices to stop the harassment, hostile work

2 | environment, discrimination, disparate treatment, and/or retaliation alleged herein from

3 | occurring.  The mangers and/or supervisors of Defendant Bloomberg and Doe Defendants, their

4 | employees, agents, representatives, within the course and scope of such employment, agency

5 | and/or representation, condoned, ratified, allowed and/or otherwise permitted other employees of

6 | Defendant Bloomberg and/or Does Defendants to subject Plaintiff to the same or worse

7 | harassment, hostile work environment, discrimination, disparate treatment, and/or retaliation

8 | alleged herein.

9 |     **69.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

10 | employment through June 27, 2014, Defendant Bloomberg and Doe Defendants, their

11 | employees, agents, representatives, mangers and/or supervisors, within the course and scope of

12 | such employment, agency and/or representation, failed to remedy the harassment, hostile work

13 | environment, discrimination, disparate treatment, and/or retaliation alleged herein.  Said

14 | Defendants did not undertake any reasonable investigation of the subject incidents and did not

15 | implement any reasonable work place procedures, protocol, and/or practices to remedy the

16 | harassment, hostile work environment, discrimination, disparate treatment, and/or retaliation

17 | alleged herein from occurring.  The mangers and/or supervisors of Defendant Bloomberg and

18 | Doe Defendants, their employees, agents, representatives, within the course and scope of such

19 | employment, agency and/or representation, condoned, ratified, allowed and/or otherwise

20 | permitted other employees of Defendant Bloomberg and/or Does Defendants to subject Plaintiff

21 | to the same or worse harassment, hostile work environment, discrimination, disparate treatment,

22 | and/or retaliation alleged herein.

23 |     **70.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

24 | employment through June 27, 2014, the acts, conduct and/or omissions alleged herein by

25 | Defendant Bloomberg and Doe Defendants, their employees, agents, representatives, mangers

26 | and/or supervisors, within the course and scope of such employment, agency and/or

27 | representation, which failed to prevent the harassment, hostile work environment, discrimination,

28 | disparate treatment, and/or retaliation alleged herein from occurring, violated California

1 Government Code Section 12940 et seq. The acts, conduct and/or omissions alleged herein by

2 Defendant Bloomberg and Doe Defendants, their employees, agents, representatives, mangers

3 and/or supervisors, within the course and scope of such employment, agency and/or

4 representation, which failed to remedy the harassment, hostile work environment, discrimination,

5 disparate treatment, and/or retaliation alleged herein, violated California Government Code

6 Section 12940 et seq.

7  **71.** On or about July 16, 2012, and continuing during and throughout Plaintiff's

8 employment through June 27, 2014, the acts and conduct alleged herein by Defendant Bloomberg

9 and Doe Defendants, their employees, agents, representatives, mangers and/or supervisors,

10 within the course and scope of such employment, agency and/or representation, were the

11 proximate, legal cause and/or a substantial factor in causing damages to Plaintiff, both special

12 and general damages, according to proof at the time of trial.

13  **72.** On or about July 16, 2012, and continuing during and throughout Plaintiff's

14 employment through June 27, 2014, the wilful, knowing, and/or intentional acts and conduct of

15 discrimination and/or retaliation alleged herein by Defendant Bloomberg and Doe Defendants,

16 their employees, agents, representatives, mangers and/or supervisors, within the course and

17 scope of such employment, agency and/or representation, directly and legally caused Plaintiff to

18 suffer actual damages pursuant to California Civil Code § 3333, including but not limited to, a

19 substantial reduction in past and current income and future income potential in sums as may be

20 shown according to proof; a substantial injury and damage to his occupation and professional

21 reputation in a sum as may be shown according to proof; and extreme humiliation,

22 embarrassment, depression, sleeplessness, emotional pain, emotional distress, mental anguish,

23 loss of enjoyment of life and other losses from the date of said acts all to Plaintiff's damage in a

24 sum as may be shown according to proof, as well as other general and special damages according

25 to proof.

26  **73.** On or about July 16, 2012, and continuing during and throughout Plaintiff's

27 employment through June 27, 2014, Defendant Bloomberg and Doe Defendants, their

28 employees, agents, representatives, mangers and/or supervisors, within the course and scope of

1  such employment, agency and/or representation, committed the acts and conduct alleged herein

2  maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiff, from

3  an improper and evil motive amounting to malice, and in conscious disregard of the rights of

4  Plaintiff. Defendant Bloomberg and/or Doe Defendants had advanced knowledge of the

5  unfitness of their employees, supervisors and/or mangers with regard to their views and/or

6  potential treatment of Armenians, but employed them nonetheless with a conscious disregard of

7  the rights and safety of the Plaintiff and others, or ratified or authorized the harassment, hostile

8  work environment, discrimination, disparate treatment, and/or retaliation alleged herein.  Many

9  of the acts of harassment, discrimination, disparate treatment, and/or retaliation alleged herein

10  were directly undertaken by the owners and managing agents of Defendant Bloomberg and/or

11  Doe Defendants.  The advance knowledge, or acts of oppression, fraud, or malice or acts of

12  ratification or authorization were on the part of the owners or other managing agents acting on

13  behalf of Defendant Bloomberg and/or Doe Defendants. As a result, Plaintiff requests and is

14  entitled to an award of punitive damages.

15        **74.**     On or about July 16, 2012, and continuing during and throughout Plaintiff's

16  employment through June 27, 2014, as a result of the acts and conduct alleged herein of

17  Defendant Bloomberg and Doe Defendants, their  employees, agents, representatives, mangers

18  and/or supervisors, within the course and scope of such employment, agency and/or

19  representation, Plaintiff requests and is entitled to attorneys' fees and prejudgment interest.

20  Pursuant to California Government Code Section 12965(b), Plaintiff requests and is entitled to an

21  award  of attorneys' fees against said Defendants under this cause of action.

**SIXTH CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**(Against Defendant Bloomberg and Doe Defendants)**

25        **75.**     The allegations of every other paragraph of this Complaint are incorporated herein

26  by reference as if set forth in full below.

27        **76.**     On or about 27, 2014, Defendant Bloomberg and Doe Defendants, their

28  employees, agents, representatives, mangers and/or supervisors, within the course and scope of

25

**COMPLAINT**

1 such employment, agency and/or representation, terminated Plaintiff in violation of a

2 fundamental public policy. Plaintiff's termination was based on or motivated by his national

3 origin/ancestry (Armenian) and/or disability/medical condition (clinical depression).

4    **77.**    The personal right which is of fundamental public importance is the prohibition

5 against discrimination and retaliation by employers against their employees based on national

6 origin/ancestry (Armenian) and/or disability/medical condition (clinical depression). This public

7 policy of the State of California is codified in and supported by California Government Code

8 Sections 12940 and 12941, inures to the benefit of the public, designed to protect all employees,

9 promoted the welfare and well-being of the community at large, was articulated and in full force

10 and effect at the time of Plaintiff's discharge, and is a fundamental and substantial.

11    **78.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

12 employment through June 27, 2014, the acts, conduct and/or omissions alleged herein by

13 Defendant Bloomberg and Doe Defendants, their employees, agents, representatives, mangers

14 and/or supervisors, within the course and scope of such employment, agency and/or

15 representation, which resulted in the termination of Plaintiff based on or motivated by his

16 national origin/ancestry (Armenian) and/or disability/medical condition (clinical depression),

17 violated  California Government Code Sections 12940 and 12941, and the laws and regulations

18 promulgated thereunder.

19    **79.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

20 employment through June 27, 2014, the acts and conduct alleged herein by Defendant Bloomberg

21 and Doe Defendants, their  employees, agents, representatives, mangers and/or supervisors,

22 within the course and scope of such employment, agency and/or representation, were the

23 proximate, legal cause and/or a substantial factor in causing damages to Plaintiff, both special

24 and general damages, according to proof at the time of trial.

25    **80.**    On or about July 16, 2012, and continuing during and throughout Plaintiff's

26 employment through June 27, 2014, the wilful, knowing, and/or intentional acts and conduct of

27 discrimination and/or retaliation alleged herein by Defendant Bloomberg and Doe Defendants,

28 their  employees, agents, representatives, mangers and/or supervisors, within the course and

1     scope of such employment, agency and/or representation, directly and legally caused Plaintiff to

2     suffer actual damages pursuant to California Civil Code § 3333, including but not limited to, a

3     substantial reduction in past and current income and future income potential in sums as may be

4     shown according to proof; a substantial injury and damage to his occupation and professional

5     reputation in a sum as may be shown according to proof; and extreme humiliation,

6     embarrassment, depression, sleeplessness, emotional pain, emotional distress, mental anguish,

7     loss of enjoyment of life and other losses from the date of said acts all to Plaintiff's damage in a

8     sum as may be shown according to proof, as well as other general and special damages according

9     to proof.

10     **81.**     On or about July 16, 2012, and continuing during and throughout Plaintiff's

11     employment through June 27, 2014, Defendant Bloomberg and Doe Defendants, their

12     employees, agents, representatives, mangers and/or supervisors, within the course and scope of

13     such employment, agency and/or representation, committed the acts and conduct alleged herein

14     maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiff, from

15     an improper and evil motive amounting to malice, and in conscious disregard of the rights of

16     Plaintiff. Defendant Bloomberg and/or Doe Defendants had advanced knowledge of the

17     unfitness of their employees, supervisors and/or mangers with regard to their views and/or

18     potential treatment of Armenians, but employed them nonetheless with a conscious disregard of

19     the rights and safety of the Plaintiff and others, or ratified or authorized the harassment, hostile

20     work environment, discrimination, disparate treatment, and/or retaliation alleged herein. Many

21     of the acts of harassment, discrimination, disparate treatment, and/or retaliation alleged herein

22     were directly undertaken by the owners and managing agents of Defendant Bloomberg and/or

23     Doe Defendants. The advance knowledge, or acts of oppression, fraud, or malice or acts of

24     ratification or authorization were on the part of the owners or other managing agents acting on

25     behalf of Defendant Bloomberg and/or Doe Defendants. As a result, Plaintiff requests and is

26     entitled to an award of punitive damages.

27     **82.**     On or about July 16, 2012, and continuing during and throughout Plaintiff's

28     employment through June 27, 2014, as a result of the acts and conduct alleged herein of

1  Defendant Bloomberg and Doe Defendants, their  employees, agents, representatives, mangers

2  and/or supervisors, within the course and scope of such employment, agency and/or

3  representation, Plaintiff requests and is entitled to attorneys' fees and prejudgment interest.

4  Pursuant to California Government Code Section 12965(b), Plaintiff requests and is entitled to an

5  award  of attorneys' fees against said Defendants under this cause of action.

### SEVENTH CAUSE OF ACTION

### NEGLIGENT HIRING, RETENTION AND SUPERVISION

### (Against Defendant Bloomberg and Doe Defendants)

9  **83.**    The allegations of every other paragraph of this Complaint are incorporated herein

10  by reference as if set forth in full below.

11  **84.**    Defendant Bloomberg and Doe Defendants, their employees, agents,

12  representatives, mangers and/or supervisors, within the course and scope of such employment,

13  agency and/or representation, knew or should have known that certain employees, mangers and

14  supervisors hired and/or retained were incompetent or unfit for the job, or posed a particular

15  harm to others and that harm materialized, and/or failed to use reasonable care to discover their

16  unfitness, unfitness, or particular harm before hiring them, which proximately caused injuries

17  and/or damages to Plaintiff, at all relevant times herein.

18  **85.**    Defendant Bloomberg and Doe Defendants, their employees, agents,

19  representatives, mangers and/or supervisors, within the course and scope of such employment,

20  agency and/or representation, knew or reasonably should have known, that employees, mangers

21  and supervisors had engaged in the acts and conduct alleged herein, at all relevant times herein.

22  Said Defendants knew or should have known that employees, mangers and supervisors had a

23  previous history of engaging in acts and conduct alleged herein which could cause injury and/or

24  damage to Plaintiff and others, and failed to do anything to prevent such injury and/or damages,

25  at all relevant times herein.  Said Defendants knew or reasonably should have known that the acts

26  and conduct alleged herein violated Plaintiff's rights under federal and state law, at all relevant

27  times herein.

28

86.    Defendant Bloomberg and Doe Defendants, their employees, agents, representatives, mangers and/or supervisors, within the course and scope of such employment, agency and/or representation, knew or reasonably should have known that the acts and conduct alleged herein could, would and did proximately result in injury and emotional distress to Plaintiff, at all relevant times herein.  The conduct, acts and/or omissions alleged herein by said Defendants were substantial factor in causing injury and harm to Plaintiff.

87.    Defendant Bloomberg and Doe Defendants, their employees, agents, representatives, mangers and/or supervisors, within the course and scope of such employment, agency and/or representation, knew or reasonably should have known that unless they intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the acts and conduct of the supervisors or other employees alleged herein, the remaining Defendants and employees perceived the conduct and omissions as ratified and condoned, at all relevant times herein.  The negligent failures of the Defendants to protect Plaintiff, and to supervise, prohibit, control, regulate, discipline, and/or otherwise penalize adequately the conduct and omissions of the supervisors and employees alleged herein violated Plaintiff's rights under state statutes and common law, at all relevant times herein.

88.    Plaintiff suffered actual injury and harm, both general and special damages, including, without limitation, injuries to their health, strength and well being, physical injuries, past, present and future, emotional distress, anxiety, headaches, tension, depression, humiliation, pain and suffering, medical expenses, past, present and future, lose of income, past, present and future, loss of earning capacity, past, present and future, and other general and/or special damages, according to proof at trial.

## EIGHT CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Defendant Bloomberg and Doe Defendants)

89.    The allegations of every other paragraph of this Complaint are incorporated herein by reference as if set forth in full below.

1       **90.**     On or about July 16, 2012, and continuing during and throughout Plaintiff's

2   employment through June 27, 2014, Defendant Bloomberg and Doe Defendants, their employees,

3   agents, representatives, mangers and/or supervisors, within the course and scope of such

4   employment, agency and/or representation, engaged in outrageous conduct with the intent to

5   cause, or with reckless disregard of the probability of causing, emotional distress, the outrageous

6   conduct was a substantial factor in causing Plaintiff's severe emotional distress, and Plaintiff

7   suffered severe emotional distress.

8       **91.**     On or about July 16, 2012, and continuing during and throughout Plaintiff's

9   employment through June 27, 2014, the acts and conduct alleged herein by Defendant Bloomberg

10   and Doe Defendants, their employees, agents, representatives, mangers and/or supervisors,

11   within the course and scope of such employment, agency and/or representation, were egregious

12   and significantly exceeded the ordinary or normal nature and scope of the employment

13   relationship.  Said  Defendants knew that the acts and conduct alleged herein would result in

14   Plaintiff's severe emotional distress, and such acts and conduct was perpetuated by said

15   Defendant with the intent to inflict, or with reckless disregard of inflicting, severe humiliation,

16   mental anguish and/or emotional distress upon Plaintiff, with such acts and conduct alleged

17   herein resulting in or causing Plaintiff to suffer severe, humiliation, mental anguish and/or

18   emotional distress, and Plaintiff actually suffering severe, humiliation, mental anguish and/or

19   emotional distress.  Defendants Bloomberg and/or Doe Defendants are liable for the acts and

20   conduct alleged herein by their employees, managers and/or supervisors because they ratified

21   such acts and conduct by continuing to employ the employees, managers and/or supervisors

22    who engaged in the acts and conduct alleged herein despite their knowledge of their

23   propensities, failing to fully investigate Plaintiff's complaints, and retaining the employees,

24   mangers and/or supervisors.

25       **92.**     Plaintiff suffered actual injury and harm, both general and special damages,

26   including, without limitation, injury to their health, strength and well being, physical injuries,

27   past, present and future, server humiliation, mental anguish, emotional distress, medical

28   expenses, past, present and future, lose of income, past, present and future, loss of earning

30
**COMPLAINT**

1  capacity, past, present and future, and other general and/or special damages, according to proof at

2  trial.

3                                    **PRAYER**

4  WHEREFORE, Plaintiff prays for relief and judgment against Defendants, as follows:

5  **1.**      For general damages in an amount according to proof;

6  **2.**      For special damages in an amount according to proof;

7  **3.**      For compensatory damages including but not limited to lost wages, lost employee

8          benefits, bonuses, mental and emotional distress, medical and related expenses, expenses

9          of seeking substitute employment, loss of benefits, and other special, general and

10         compensatory damages in an amount according to proof;

11 **4.**      For punitive and exemplary damages in an amount according to proof;

12 **5.**      For attorneys' fees pursuant to California Government Code Section 12965, and other

13         provisions of law;

14 **6.**      For prejudgment and post judgment interest as allowed by law;

15 **7.**      For costs of suit; and

16 **8.**      For such other and further relief as the Court may deem just and proper.

18 **Dated:  December  \ ⌐ , 2014**          **By:**  _____
                                                        **John Akopian, Esq.**
19                                                       **Attorney for Plaintiff**
                                                        **Edgar Harutyunyan**

21                          **JURY TRIAL DEMAND**

22      Plaintiff hereby demands trial of all issues by jury.

24 **Dated:  December  \ ⌐ , 2014**          **By:**  _____
                                                        **John Akopian, Esq.**
25                                                       **Attorney for Plaintiff**
                                                        **Edgar Harutyunyan**

                                   31
                                **COMPLAINT**

**EXHIBIT    1**

STATE OF CALIFORNIA | Business Consumer Services and Housing Agency                    GOVERNOR EDMUND G BROWN JR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                        DIRECTOR PHYLLIS W CHENG
2218 Kausen Drive  Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TTY 800-700-2320                                **DRAFT**
www.dfeh.ca.gov

Edgar Harutyunyan
3003 Olin Ave Apt 219
San Jose California 95128

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 377579-127856
Right to Sue: Harutyunyan / Mary Hannawacker Bloomberg L.P

Dear Edgar Harutyunyan,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing